**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

KEVIN MCCOY,

           Plaintiff,

vs.                                                   Case No. 3:17-cv-379-J-32JRK

JACKSONVILLE TRANSPORTATION
AUTHORITY,

           Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

### I. Status

This cause is before the Court on the Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 2), filed April 4, 2017, that the Court construes as a Motion to Proceed In Forma Pauperis ("Motion"). On the same date, Plaintiff filed a Complaint (Doc. No. 1). Subsequently, Plaintiff filed an "Amendment to Complaint" (Doc. No. 5; "First Amended Complaint") on April 19, 2017 and another "Amendment to Complaint" (Doc. No. 11; "Second Amended Complaint") on April 26, 2017.[2] Plaintiff's claims involve

---

[1] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." Id. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

[2] Though labeled as "Amendment[s]," these latter pleadings appear to have been intended as supplements to the initial Complaint.
In addition to these filings, Plaintiff filed several Motions for Warrants (Doc. No. 3, filed April 4, 2017; Doc. Nos. 6, 7, 8, filed April 19, 2017), seeking the arrest of various individuals pursuant to Rule 4(a), Federal Rules of Criminal Procedure. As this relief is unavailable to a plaintiff in a civil action, these motions were denied by Order (Doc. No. 10) entered on April 25, 2017.

his employment termination and other alleged actions by Defendant Jacksonville Transportation Authority ("JTA").

On May 9, 2017, the undersigned entered an Order (Doc. No. 12), taking the Motion under advisement and advising Plaintiff that the case was likely subject to dismissal because he failed to state a viable claim for relief from this Court. The Order pointed out that Plaintiff's claims, as pled, did not implicate constitutional rights. Order at 5. As examples, the Order noted that Plaintiff did not allege discrimination of any kind, and he also did not provide sufficient facts to state a procedural due process claim. Id. Plaintiff was given an opportunity to file an amended pleading to correct the deficiencies and state a viable claim.

On May 23, 2017, Plaintiff filed a Third Amended Complaint (Doc. No. 13). Upon review of the Third Amended Complaint and the file as a whole, the undersigned recommends that the Motion be denied and the case be dismissed for failure to state a claim on which relief may be granted, as well as for frivolity.

## II. Applicable Law

A court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of costs, fees, or security. 28 U.S.C. § 1915. The Court's decision to grant in forma pauperis status is discretionary. See Pace v. Evans, 709 F.2d 1428, 1429 (11th Cir. 1983); Lane v. Fort Walton Beach Hous. Auth., 518 F. App'x 904, 915 n.11 (11th Cir. 2013) (citation omitted). While a litigant need not show she is "absolutely destitute" to qualify for pauper status under § 1915, a litigant does need to show an inability "to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004); see also Lane, 518 F. App'x at 915 (citation omitted).

A court receiving an application to proceed in forma pauperis must dismiss the case sua sponte if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "In addition, a district court may sua sponte consider subject matter jurisdiction at any stage in the litigation and must dismiss a complaint if it concludes that subject matter jurisdiction is lacking." Jackson v. Farmers Ins. Group/Fire Ins. Exch., 391 F. App'x 854, 856 (11th Cir. 2010) (unpublished) (citations omitted).

With respect to frivolity, the United States Supreme Court has observed that "a litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint filed in forma pauperis that fails to state a claim under Rule 12(b)(6), Federal Rules of Civil Procedure ("Rule(s)"), is not automatically frivolous. Id. at 328. Instead, a court will dismiss a claim based on frivolity pursuant to § 1915 when the claim lacks arguable merit in either law or fact. Id. at 325; Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1315 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)). Accordingly, § 1915 requires dismissal when: (1) the legal theories advanced are "indisputably meritless," Nietzke, 490 U.S. at 327; (2) the claims rely on factual allegations that are "clearly baseless," Denton v. Hernandez, 504 U.S. 25, 32 (1992); or (3) when it appears that the plaintiff has little or no chance of success, Bilal, 251 F.3d at 1349 (citation omitted).

With respect to whether a complaint "fails to state a claim on which relief may be granted," § 1915(e)(2)(B)(ii) mirrors the language of Rule 12(b)(6), so courts apply the same

-3-

standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba, 517 F.3d at 1252 (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. Id. (quotation and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683-84 (11th Cir. 2001) (internal quotation and citation omitted).

"[P]ro se pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally." Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008) (citing Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)). Nevertheless, a court is under no duty to "re-write" a plaintiff's complaint to find a claim. Peterson v. Atlanta Hous. Auth., 998 F.2d 904, 912 (11th Cir. 1993).

### III. Discussion

Here, although it appears Plaintiff may be financially unable to pay the filing fee, see Motion at 1-5, a review of Plaintiff's pleadings reveals that the case is subject to dismissal for failure to state a viable claim and for frivolity.

The Third Amended Complaint alludes to, and builds upon, the allegations in his prior pleadings. Previously, in his initial Complaint, Plaintiff claimed that while he was employed by Defendant as a bus driver, Defendant falsely accused him of using drugs and alcohol and that Defendant fired him based on the false accusations of Defendant's employees. See

Complaint at 3, 5. In the Third Amended Complaint, Plaintiff states, "The road manager who filed the paperwork accusing Plaintiff of being on drugs [] disliked Plaintiff before this happened[,] as she is white and Plaintiff is African-American." Third Amended Complaint at 1.[3] He asserts, "That is racial discrimination." Id. Plaintiff further states that "Defendant Nathaniel Ford[,4] who is the CEO of [JTA,] knew what was going on[,] as he is required to sign off on the documents[.]" Id. at 2. Plaintiff also alleges that Mr. Ford printed flyers and made statements falsely accusing Plaintiff of destroying property and using drugs. Id. at 4.

In addition, Plaintiff claims that "[t]he driver's union did in fact refuse to help Plaintiff with any kind of internal hearing." Id. at 3. According to Plaintiff, the union attorney has been practicing law without a license. Id. Plaintiff asserts that Mr. Ford knew about the union attorney's "illegal law work" but still hired him as a union attorney. Id.

Upon review, Plaintiff fails to state a viable claim for relief from this Court, and his claims are frivolous. Although the Third Amended Complaint does not cite any legal basis for Plaintiff's claims, it appears from the initial Complaint that he is attempting to assert constitutional violations. See Complaint at 2. Despite apparent efforts in the Third Amended Complaint to add allegations of racial discrimination and a procedural due process violation, the claims still fail to sufficiently implicate any constitutional or federally protected rights. For instance, the assertion that Plaintiff was disliked due to his race, without any supporting facts, does not establish a plausible racial discrimination claim under federal law. See, e.g., Davis v. Coca-Cola Bottling Co., 516 F.3d 955, 974 (11th Cir. 2008); Jackson v. BellSouth Telecommunications, 372 F.3d 1250, 1271-74 (11th Cir. 2004). And to the extent Plaintiff

---

[3] Plaintiff's pleadings are handwritten in mostly capital letters. When quoted here, improper capitalization has been omitted for the sake of readability.

[4] Only JTA, not Mr. Ford himself, is listed as a Defendant in the case caption.

seeks to assert a violation of procedural due process, based on the bare allegation that the union failed to assist him in an administrative hearing, the claim fails to sufficiently allege that he was deprived of constitutionally adequate procedures.  See Cotton v. Jackson, 216 F.3d 1328, 1331 (11th Cir. 2000) (stating, "Assuming a plaintiff has shown a deprivation of some right protected by the due process clause, we—when determining if a plaintiff has stated a valid procedural due process claim—look to whether the available state procedures were adequate to correct the alleged procedural deficiencies" (citations omitted)).

## IV.  Conclusion

Overall, construing the allegations liberally and considering them in relation to the file as a whole, the undersigned finds Plaintiff's claims are due to be dismissed for the foregoing reasons.  Accordingly, it is

**RECOMMENDED THAT**:

1.The Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 2), construed as a Motion to Proceed In Forma Pauperis, be **DENIED**.

2.This case be **DISMISSED without prejudice**.

3.The Clerk be directed to terminate any pending motions and to close the file.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on June 29, 2017.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

clr
Copies to:

The Honorable Timothy J. Corrigan
United States District Judge

Pro se Party